[No. 1471.   Decided December 5, 1894.]

HANNAH A. KING, *Respondent,* v. LACHLAN M. MILLER, *Respondent,* JAMES B. KING and LAWRENCE W. KING, *Appellants.*

DIVORCE—CONTINUING ALIMONY—LIEN FOR PAYMENT—FORE-
CLOSURE—SUBSEQUENT ALTERATION OF DECREE.

Where, in granting a decree of divorce, the court has made an order requiring the husband to pay the wife a monthly allowance for the support of herself and children, and decreed it a lien upon the real estate of the husband, which decree was not appealed from, upon failure of the husband to make the payments, an action for the foreclosure of such lien may be maintained, wherein the decree may convert the amount of such monthly payments into a gross sum.

Where monthly installments of an allowance decreed to the wife, for the support of minor children, upon the granting of a divorce, are converted by the court, in an action foreclosing same, into a gross sum, it is not error for the decree of foreclosure to direct that such gross sum be paid to the wife, without any restriction as to the disposition she should make of the same.

Although a decree of divorce may conclude property rights, so far as husband and wife are concerned, a proceeding may subsequently be brought to obtain an allowance or provision for the support of minor children.

*Appeal from Superior Court, Pierce County.*

*Winsor, Bush & Morris,* for appellants.

*A. R. Titlow* and *James H. Parker,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an action brought by Hannah A. King, the divorced wife of James B. King, to obtain certain relief with reference to alimony allowed her by the decree of divorce obtained by her May 15, 1890.

In granting said decree of divorce the court awarded the custody of the two minor children to the plaintiff, and provided the defendant should pay to her the sum of fifty dollars per month for the support and maintenance of herself

and the children until they arrived at the age of twenty-one years, or so long as they were supported and cared for by plaintiff, and so long as plaintiff remained unmarried after the children attained their majority ; and the decree further provided that the payment of such sums should be secured by a lien upon certain real estate situated in the city of Tacoma.   No appeal was prosecuted from said decree, and the defendant James B. King paid said alimony up to December I, 1893, although the plaintiff had been compelled to resort to proceedings in court to enforce payment at certain times previously.   In granting the decree of divorce certain other property of said parties was divided between them.

After a default of two months in making said payments the plaintiff instituted this action, alleging failure and refusal to pay, and that the defendant, James B. King, had threatened to allow the land securing said sums to be sold for taxes, to destroy the lien thereon, and she asked to have said allowance consolidated into a gross sum at its present value, and to have the lien therefor upon the real estate foreclosed.   The defendants Lachlan M. Miller and Lawrence W. King were joined as parties, who were alleged to have some interest in the premises.   The defendants James B. King and Lawrence W. King appeared and objected to the jurisdiction of the court in the premises.   Defendant Miller appeared and set up a mortgage executed to him upon certain of the property.

Upon the trial the court rendered a decree establishing the mortgage claim as a prior lien upon a portion of the property, and decreed that the alimony previously allowed should be modified and reduced to a gross sum of $2,500, and that the property upon which the lien had been created should be sold to satisfy the same, and also awarded execution against the defendant, James B. King, in case of a deficiency after the sale.   From such decree the defendants James B. King and Lawrence W. King appealed.

It is urged that the court, under the laws of this state, had no power to compel the husband in an action for divorce to pay the wife a monthly allowance for her support after

the decree of absolute divorce between the parties. And it is further urged that after the decree was rendered, and the time for appeal had expired without any being taken, the decree became absolute and the court was thereafter powerless to alter the same, at least in the manner specified.

We do not regard the first question, with reference to allowing continuing alimony to a divorced wife, as in the case, for it did not go to the jurisdiction of the court in the former action, and no appeal was taken from the decree. Furthermore, it was a good allowance as to the children, and could, at least, be sustained as to them.

We are also of the opinion that the court had authority to entertain the last action, and render a decree foreclosing the lien against the property in question, and for this purpose it might convert the amount of such monthly payments into a gross sum. The amount allowed in gross was much below the total of the monthly allowances which would have been payable during the minority of the children.

It is further complained that that part of the decree which directed such gross sum should be paid to the plaintiff without any restriction as to the manner in which she should use the same, and without any conditions securing its disposition accordingly, was unauthorized and wrong. But it was certainly within the power of the court to make such a decree, although the payment of such sum should have been regarded as a payment for the support of the children only, and we find nothing in the record to warrant our modifying it in that particular. Ordinarily a decree of divorce between the parties puts their property matters at rest, and should do so, but in this case an express lien was created upon the real estate in controversy for the purpose of securing the monthly allowance which was made. This was sufficient to take this case out of the general rule, so far at least as such real estate is concerned, and no point seems to have been made over the fact, that a personal judgment for the gross sum was rendered in favor of the plaintiff against defendant James B. King which could be made good out of other property in case of a deficiency. Notwithstanding the fact that

a decree of divorce should conclude property rights so far as the husband and wife are concerned, the court thereafter might entertain a proceeding brought to obtain an allowance or provision for the support of minor children.

We find no error in the premises, and the judgment of the lower court is affirmed.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.