[[No. 2857. Decided May 19, 1898.]

THE STATE OF WASHINGTON, on the Relation of Joseph Ditmar, Respondent, v. WILLIAM H. DITMAR, Appellant.

ALIMONY — FAILURE TO COMPLY WITH AWARD — DEMAND — CONTEMPT — ATTACHMENT.

The court has power to punish for contempt for failure to comply with an order for the payment of alimony, although the decree awarding alimony may have been made a lien upon the defendant's realty.

A finding by the trial court that defendant is able to satisfy a decree of alimony against him is warranted when it is shown that he has been able to borrow more than double the amount of the decree to apply in other ways.

The fact that attachment did not issue against the defendant in contempt proceedings is not a matter of which he can complain, when he has voluntarily appeared in the action.

Demand upon defendant to pay a decree of alimony against him is unnecessary, prior to proceedings for contempt, when it is shown that defendant asserted he would never obey the decree.

Appeal from Superior Court, Lincoln County.—Hon. C. H. NEAL, Judge.  Affirmed.

*N. T. Caton, H. N. Martin, R. K. McComb,* and *J. C. Kleber,* for appellant.

*Jackson Brock, Myers & Warren,* and *J. A. Haight,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 3d of May, 1895, the respondent procured a divorce from the appellant and in that case the court distributed the property between the respondent and appellant, and it was further decreed that appellant should also pay off the mortgage of $500 which the parties had executed upon the homestead, which the court decreed to respondent.  In May, 1897, the mortgage not having been paid off, upon the petition and affidavit of the respondent an order was issued to show cause why the appellant should not be punished for contempt.  Upon the trial of this cause the court found that the defendant had the ability and means to fully pay and satisfy the said mortgage, a fine of $1 and costs was imposed, and it was ordered that the defendant stand committed until the same was paid.  It was also ordered and adjudged that the defendant (appellant here) should pay on or before the first day of October, 1897, the balance due of the $500 mortgage.

From this judgment an appeal was brought to this court. The main contention in this case is that, inasmuch as the payment of the mortgage was secured by a lien on the property of the appellant, the enforcement of the lien was the exclusive remedy of the respondent. Several cases are cited by the appellant to sustain this contention, but we think they utterly fail to do so. The most of the cases bear no relation whatever to the question under discussion. The case of *Andrews v. Andrews*, 69 Ill. 609, seems, from the syllabus, to hold that where a decree is made a lien on land it is not proper to award an attachment for contempt for failure to pay the amount awarded. An investigation of this case, however, shows that this question was not really decided in the case, but that this was an appeal from the decree in the divorce case, and the judgment was reversed for the reason that the decree required the payments to be made in rapid succession, and because the solicitor was allowed an exorbitant fee. It is true the court says:

" We see nothing in this case rendering it necessary to call this power [referring to an attachment] into action, as the decree in behalf of complainant was made a lien on the land."

The court, proceeding, says:

" The amount allowed by the court is so largely out of proportion to the service rendered, that we cannot but regard it as oppressive upon the defendant, in view of the amount of alimony allowed."

The court then proceeds to hold that the whole decree was excessive, and reversed the cause with instructions to enter a decree in conformity with the opinion of the supreme court. In *Blake v. People*, 80 Ill. 11, also cited by the appellant, it is especially held that the court has power, either by sequestration of real or personal estate

or by attachment against the person, by fine or imprison-
ment, or both, in the discretion of the court, to enforce
its decrees, and it is held that these remedies are cumula-
tive. It is true that in this case the court says that the
spirit of our constitution forbids that the pecuniary inabil-
ity of the party, not resulting from his fraudulent con-
duct to produce that condition, be punished as a contempt
by imprisonment, citing *O'Callaghan v. O'Callaghan*, 69
Ill. 552. And they further say that

"Where the neglect or refusal to perform the decree
is not from mere contumacy, but from the want of means,
the result of misfortune, not induced by any fraudulent
conduct on the part of defendant, the party will be com-
pelled to adopt some mode other than imprisonment, to
enforce the decree, consistent with the practice in the
courts, either by execution or other final process, or by
sequestration of real or personal estate, or by the exercise
of such other powers as pertain to courts of chancery, and
which may be necessary to the attainment of justice."

It will be conceded that, if it is out of the power of the
party against whom the decree is entered to comply with
its conditions, and this showing is made to the court, he
has purged himself of the contempt. But the case cited
is authority on the proposition that the remedies are cumu-
lative, and that where other remedies exist, and the party
has contumaciously refused to obey the decree of the
court, he may be punished for contempt.

In the case at bar, after reading the testimony, we are
not prepared to say that the appellant was not able to
satisfy this mortgage, and believe that the court found
the facts as they should have been found, viz., that he was
able to satisfy the same. The evidence shows that the
appellant here had borrowed some $1,200 since this de-
cree had been entered, and, if he was able to borrow money
to pay his own debts or to invest in property, he was evi-

dently able to obtain the money to meet the demands of the decree. There are several other points raised in this case, but we think they are without substantial merit. A good deal is said concerning the fact that an attachment did not issue against the person of the appellant, but the appellant appeared in the action, thereby waiving the necessity of an attachment. An attachment is not for the benefit of the defendant in the action, but for the benefit of the other party. As far, as the question of demand was concerned, if the court believed the testimony of the respondent, a demand was unnecessary, for the appellant had stoutly asserted that he would never obey· the decree.

We think there is no merit in the appeal, and the judgment will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.