[No. 4023.   Decided October 4, 1901.]

| 26 | 213 |
| d28 | 592 |

*In the Matter of the Application of* George B. Cave
*for a Writ of Habeas Corpus.*

CONTEMPT — IMPRISONMENT.

Under Bal. Code, § 5808, which provides that where con-
tempt consists in the omission or refusal to perform an act
which is in defendant's power to perform, he may be imprisoned
until he shall have performed it, a defendant who refuses to pay
a decree of alimony awarded against him may be imprisoned for
contempt without being cited therefor, when he is personally
before the court and it appears that he has money in his posses-
sion and under his control with which to pay the same.

DIVORCE — AWARD OF ALIMONY — NOT A DEBT.

A decree or order for alimony in a divorce proceeding is not
a debt within the meaning of the constitutional inhibition for-
bidding imprisonment for debt.

SAME — PERMANENT ALIMONY.

Although the statutes do not in express terms authorize the
awarding of permanent alimony, yet the power to do so is con-
ferred upon the courts under the terms of Bal. Code, §5723,
which provides that "in granting a divorce, the court shall also
make such disposition of the property of the parties as shall
appear just and equitable, having regard to the respective merits
of the parties, and to the condition in which they will be left
by such divorce, and to the party through whom the property
was acquired, and to the burdens imposed upon it for the benefit
of the children, and shall make provision for the guardianship,
custody, and support and education of the minor children of
such marriage."

SAME — REVIEW OF ERROR IN COLLATERAL PROCEEDING.

Error of the court, if any, in awarding alimony cannot be
reviewed in habeas corpus proceedings brought by the defendant
who had been imprisoned for contempt for failure to perform the
decree, where the court had jurisdiction both of the persons and
property of the parties in the action for divorce.

SAME — ENFORCEMENT BY ATTACHMENT.

Under the inherent power of a court to enforce its decrees
and orders according to its equity powers, a decree for alimony

may be enforced by attachment for contempt, even in the absence of a statute authorizing such procedure.

*Original Application for Habeas Corpus.*

*R. H. Lindsay* and *F. H. Knapp,* for petitioner.

*Humphries & Bostwick,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is an application for discharge upon a writ of habeas corpus. The petitioner is imprisoned under an order of the superior court of King county, made upon conviction for refusal to obey an order of said court requiring petitioner to pay the sum of $447 to his divorced wife. From the return to the writ it appears that on the 7th day of February, 1900, in the case of Martha M. Cave against George B. Cave, petitioner herein, a decree of divorce was granted to plaintiff upon the grounds of cruel and inhuman treatment and failure to provide. The custody of three minor children was awarded to said plaintiff, and it was ordered in said decree "that the plaintiff, Martha M. Cave, have judgment against the defendant, George B. Cave, for twenty ($20) dollars per month alimony from and after February 1, 1900," and "that plaintiff recover of defendant fifty ($50) dollars attorney's fees and costs and disbursements of this action to be taxed." The said defendant neglected and refused to pay any part of said money. On the 29th day of April, 1901, upon petition of the plaintiff therein, Martha M. Cave, the court issued an order directed to the said George B. Cave, requiring him to appear in said court on September 9, 1901, at 9:30 o'clock a. m., and show cause, if any he have, why he should not pay to the plaintiff or her attorneys $380 accrued alimony, $50 attorney's fees, and $17 costs. The said defendant

appeared in person on said day, when, after an examination, the court entered an order as follows:

"It appearing that the said defendant, George B. Cave, has money and property in his possession and under his control out of which he can pay the alimony, court costs, and attorney's fees due the plaintiff under the judgment and decree heretofore made and entered in this cause, it is therefore ordered that the defendant forthwith pay to the said plaintiff, or her attorneys, alimony, court costs, and attorney's fees, under the judgment and decree entered in this cause, amounting, in the aggregate to the sum of $447, and upon his failure so to do that he be committed to the county jail of King county, Washington, for contempt of court."

The defendant refused to comply with said order, whereupon the court issued a commitment, reciting the findings named, and ordered "that the defendant be and he is hereby committed to the county jail of King county, state of Washington, until the full sum of alimony, court costs and attorney's fees set forth in the plaintiff's petition is paid." The commitment also contained a command to the keeper of the said jail to keep the said defendant until the further order of the court. The return further shows that the petitioner herein has not paid any of said money, and still refuses to comply with said order. Three questions were presented to the court upon the hearing of the application for discharge herein, as follows: (1) That the imprisonment for contempt could not be made because defendant had not been cited therefor; (2) that the decree of the court in the divorce proceeding was a judgment as for debt, and that defendant could not be imprisoned for failure to pay the same; (3) that the imprisonment is illegal, because the said superior court in the case of Cave v. Cave had no jurisdiction at the time of final decree to award alimony to the plaintiff

therein, the payment of which may be enforced by attachment.

1. The record here discloses that the petitioner was personally before the court at the time the order was made requiring him to pay the said sum of $447 forthwith. It discloses that the court found that petitioner had the money in his possession and under his control at said time with which to pay the said sum, and also discloses that petitioner thereupon refused to comply with the order, and that the commitment was thereupon issued. These facts gave the court authority to punish by immediate imprisonment until the order was complied with. § 5808, Bal. Code.

2. It is the well settled law of this country that a decree or order for alimony in a divorce proceeding is not a debt, within the meaning of that term as used in § 17 of article 1 of our constitution. *Audobon v. Shufeldt,* 181 U. S. 575 (21 Sup. Ct. 735); *Barclay v. Barclay,* 184 Ill. 375 (56 N. E. 636, 51 L. R. A. 351); 1 Enc. Pl. & Pr., p. 439, and authorities there cited; *Andrew v. Andrew,* 62 Vt. 495 (20 Atl. 817); *State v. King,* 49 La. An. 1503 (22 South. 887).

3. The remaining question to be considered in this case is, did the superior court, in the case of Cave *v.* Cave, have jurisdiction to make an order on final decree of divorce for alimony for the wife, and, if so, had it the power to enforce such order by attachment? It is argued by petitioner that all authority to decree alimony comes from the statutes, and that because the statutes provide for temporary alimony *pendente lite,* and do not provide for permanent alimony, such alimony is excluded, on the theory expressed in the maxim that the expression of the one excludes the other. We cannot agree with counsel for petitioner that the statute does not provide for such

alimony. While no express authority is found in the statutes of this state for permanent alimony *eo nomine* after divorce, § 5723, Bal. Code, provides:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage."

The court is here unrestricted as to the provision to be made for the maintenance of the minor children. The circumstances of each case alone determine what provision should be made for such children. In cases where there is no property and the parties have ability to earn money, the court is no doubt authorized to require a stipulated sum to be paid at certain intervals for the maintenance of such children. So also it will be readily seen that a wide discretion is given to the trial court to distribute the *property of the parties*. There are no restrictions upon the court as to the manner of such disposition. It may be disposed of in a lump sum, or by installments monthly or otherwise, and subsequently reduced to a lump sum, as in the case of *King v. Miller*, 10 Wash. 274 (38 Pac. 1020). This method of disposing of the property of the parties, call it alimony or whatever name you will, has been recognized by this court in a number of cases: In *Webster v. Webster*, 2 Wash. 417 (26 Pac. 864), where the court said:

"The law does not require an equal division of the property, but a 'just and equitable' division, and as no general rule for a just and equitable division can be laid down, but each case must be adjusted according to its own merits

and the particular circumstances surrounding it, the court investigates all the circumstances."

In *State ex rel. Trumbull v. Sachs,* 3 Wash. 371 (28 Pac. 540), this court said:

"If this is so, it seems clear to us that, whatever be the rule in an ordinary cause, in a divorce case the court must be held to have complete jurisdiction to dispose of such moneys as it may think just under all the circumstances. Such cases stand upon a different basis than do suits not of this nature. Our statute but reenacts the general rule when it provides that all the property of the respective parties to a divorce proceeding comes into the possession of the court, and is to be disposed of in accordance with its judgment."

In *Philbrick v. Andrews,* 8 Wash. 7 (35 Pac. 358), it was said:

"There is no question but that the court had power in the divorce action to award the half belonging to the defendant, or any part of it, to the plaintiff."

In *King v. Miller, supra,* the court said:

"It is further complained that that part of the decree which directed such gross sum should be paid to the plaintiff without any restriction as to the manner in which she should use the same, and without any conditions securing its disposition accordingly, was unauthorized and wrong. But it was certainly within the power of the court to make such a decree, although the payment of such sum should have been regarded as a payment for the support of the children only."

In *Carney v. Simpson,* 15 Wash. 227 (46 Pac. 233), it was said:

"It seems to us that this decree, fairly construed, awarded all of the community personal property of every name, nature and description to the plaintiff in the divorce proceedings."

And in *Smith v. Smith,* 15 Wash. 237 (46 Pac. 234):

"This case will be remanded to the lower court with instructions to change said paragraph to the effect that the care and custody of both the children mentioned in the decree be awarded to the defendant, and that the plaintiff be required to pay to the defendant, on the first day of each and every month, the sum of twenty-five dollars *as alimony and* for the support of said children awarded the defendant."

In the territorial court, in the case of *Madison v. Madison,* 1 Wash. T. 60, it was said:

"By section 8 of the divorce act, the court is vested with discretionary power 'to make such disposition of the property of the parties as shall appear just and equitable,' etc. The court, in this instance, instead of granting a sum absolutely to the wife, has decreed that a certain sum shall be put into the hands of a trustee, the interest to be paid to the defendant, quarterly, during her natural life and at her death the principal to revert to the husband. This we think the court had power to do under the section of the act referred to."

In all these cases the rule was distinctly recognized that the court should make such disposition of the property as might appear just, and whether it was denominated alimony or division of the property, the effect was the same. In the case of *Philbrick v. Andrews, supra,* the rule was laid down that before the lower court would have jurisdiction to dispose of property such property must be brought before the court by suitable allegations. In the case of Cave *v.* Cave, it was alleged in the complaint that at the time of the commencement of this action the plaintiff and defendant owned certain community property situated in the city of Seattle, in King county, a part of which consisted of real estate, a part of personal property, and "that at the time of the commencement of the action the defendant George B. Cave was engaged in conducting and operating a sale and feed stable on First avenue South, in

the city of Seattle, King county, state of Washington, and
had and owned at that time community property, con-
sisting of horses, express wagons, carriages, harness, etc.,
of the estimated value of $500, and the court found that
after the commencement of this action the defendant
George B. Cave sold and transferred all of the personal
property consisting of horses, wagons, carriages, etc., for
the sum of $500 in cash; that the said defendant
George B. Cave kept the said $500 for his own use and
benefit, and refused to give to the plaintiff any part or
portion thereof." This property was not disturbed in the
possession of the said George B. Cave. The other prop-
erty, however, in said case was awarded to the plaintiff
therein. It will be readily seen that there was in the pos-
session of the said George B. Cave, at the time of said
final decree, the sum of $500 subject to be disposed of by
the court. There is no question in this case that the court
had jurisdiction of the persons of the plaintiff and defend-
ant therein and of the property. It follows, from what
we have said above, that the court had jurisdiction to
dispose of all of said property as appeared just and equi-
table. If the court committed error in the disposition of
the property by said decree, that error cannot now be
reviewed in this proceeding. *King v. Miller, supra; Ex
parte Adams,* 59 Am. Dec. 234; *Ex parte Kearney,* 7
Wheat. 38; *Ex parte Spencer,* 83 Cal. 460 (23 Pac. 395,
17 Am. St. Rep. 266). The court had jurisdiction to make
the decree in Cave v. Cave, and that decree is valid and
remains in full force and effect, not appealed from or mod-
ified in any way.

The next question is, had it authority to enforce the
payment of this sum by attachment? 2 Bishop on Mar-
riage, Divorce and Separation, at § 1092, says:

"The attachment for contempt is a prominent method for enforcing the alimony decree with us. This proceeding partakes of the criminal quality, therefore the attachment does not issue as of course like an execution, but only on due notice of· the·award and on demand of payment, unless a prior refusal or something else renders them unnecessary. And one who cannot pay, if not otherwise in fault about the matter, will not be imprisoned under this process. Various circumstances and conditions of the law will require its rejection in favor of some other method."

See, also, Stewart, Marriage & Divorce, § 378; *Andrew v. Andrew, supra.*

We cannot agree with counsel for petitioner that the enforcement of the remedy as decreed by courts of general equity jurisdiction must be defined by statute. Where the statute is silent as to the remedy, the court has inherent power to enforce its judgments or decrees and orders according to its equity powers. The silence of the statute in this respect does not take away any power lodged in the court by its equity jurisdiction. 3 Pomeroy, Equity Jurisprudence, § 1318; 2 Daniel, Chancery Practice, § 1042 *et seq.;* 2 Bishop, Marriage, Divorce & Separation, § 1114; 1 Enc. Pl. & Pr., pp. 434, 437; *O'Callaghan v. O'Callaghan,* 69 Ill. 552. In this state no rule is provided by statute for the enforcement of such decrees, but the rule of attachment has been generally followed in the practice and approved by this court. In the case of *State ex rel. Smith v. Smith,* 17 Wash. 430 (50 Pac. 52), where the plaintiff was allowed by final decree $25 per month *as alimony* and for the support of said children, this court said:

"It is the duty of courts to enforce their orders, and when it comes to their knowledge that such orders are not obeyed they should require and enforce such obedience by punishment for contempt."

In the case of *State ex rel. Ditmar v. Ditmar,* 19 Wash. 324 (53 Pac. 350), this court said:

"It will be conceded that, if it is out of the power of the party against whom the decree is entered to comply with its conditions, and this showing is made to the court, he has purged himself of the contempt. But the case cited is authority on the proposition that the remedies are cumulative, and that where other remedies exist, and the party has contumaciously refused to obey the decree of the court, he may be punished for contempt."

We are not disposed to depart from the rule in these cases. The case entitled *In re Van Alstine,* 21 Wash. 194 (57 Pac. 348), is cited as announcing a different rule. In that case, however, the court declared that the decree was for money, "a decree analogous to a money judgment at law which may be enforced by process against property," and for that reason it was held that the court was without power to require the money to be paid into court and enforce such payment by imprisonment.

The application for discharge must be denied, and petitioner remanded into custody.

REAVIS, C. J., and ANDERS, HADLEY and DUNBAR, JJ., concur.