[No. 6218.  Decided August 15, 1906.]

## ALICE E. MAHNCKE, *Appellant,* v. HENRY MAHNCKE, *Respondent.*[1]

DIVORCE—ALIMONY—DISCONTINUANCE. The awarding of permanent alimony in monthly installments "until the further order of the court," does not preclude the court from subsequently upon application discontinuing the alimony permanently, especially where the divorce was granted for the fault of the wife, who was therefore not absolutely entitled to alimony.

SAME—APPEAL—PRESUMPTIONS. Where an order is made, upon application after judgment of divorce, discontinuing a monthly allowance for alimony, the same will be presumed to be correct on appeal in the absence of the evidence upon which the first decree was granted, both decrees having been made by the same judge.

Appeal from an order of the superior court for Pierce county, Huston, J., entered October 5, 1905, upon motion of the defendant, after a hearing on the merits, directing the discontinuance of alimony awarded by a decree of divorce. Affirmed.

*L. M. Glidden,* for appellant.

*Hudson & Holt,* for respondent.

CROW, J.—The appellant, Alice E. Mahncke, and respondent, Henry Mahncke, were married on February 5, 1902, and separated about eighteen months later. On January 18, 1905, a decree of divorce was granted to respondent on his cross-complaint in this action. Said decree granted to each party the property then standing in his or her name, and to appellant most of the personal property then in her possession. The appellant was, by said decree, awarded $70 as alimony, and also additional alimony in the sum of $25 per month, payable monthly from the date of said decree, the same "to continue until otherwise ordered by the court." On September 5, 1905, the respondent filed a motion herein,

[1]Reported in 86 Pac. 645.

supported by his affidavit, asking for an order amending said decree so as to discontinue the payment of alimony by him, and to relieve him permanently from further payment thereof. Appellant, after being· cited to appear and show cause why said motion should not be granted, served and filed her motion to strike respondent's motion and affidavit. On the hearing appellant's motion was denied, and thereupon, counter affidavits and reply affidavits having been filed and respondent's motion being heard, the court made a final order directing that the alimony which the respondent, Henry Mahncke, had theretofore been ordered to pay be discontinued and terminated, and that he pay no other or further sum than that already paid. From this order the said Alice E. Mahncke has appealed.

In support of her assignments of error the appellant contends that, after the trial court had, in the decree of divorce, made an allowance of $25 per month as permanent or continuing alimony for her support and maintenance, it had no power to make any subsequent order relieving respondent from further payment; that such alimony, when once granted by a decree of divorce, continues during the joint lives of the parties; and that this is true even though, as in this case, the order fails to affirmatively recite that such allowance is permanent. The respondent contends that when, as in this case, the trial court has expressly provided that the monthly payments of alimony shall continue until otherwise ordered, power exists in the court to afterwards make such further order, upon proper notice, and to discontinue such payments. In some states the power to subsequently modify a decree awarding alimony is conferred by statute, but our statute makes no such express provision. We have heretofore held that Bal. Code, § 5723 (P. C. §4637), confers upon courts of this state power to award permanent alimony in the form of monthly or annual payments for support and maintenance. *In re Cave,* 26 Wash. 213, 66 Pac. 425. The power to grant permanent alimony being conceded, we fail to see any good

reason why a trial court, in its discretion exercised at the time of granting a decree of divorce and awarding such alimony, may not by its further order expressly reserve to itself the right to afterwards change, modify, or terminate such alimony. *Fries v. Fries,* 1 McArthur (D. C.) 291; *Jones v. Jones,* 131 Ala. 443, 31 South. 91; *Brandt v. Brandt,* 40 Ore. 477, 67 Pac. 508.

Mr. Bishop, in the second volume of his work on Marriage, Div. & Sep., at § 875, says:

"In some of the states, it is more or less the practice for the alimony decree to reserve to the court the power to change it from time to time. There is no just ground to doubt the efficacy of such a reservation, and in prudence it ought to be made in states wherein the right in the absence of the reservation is unsettled or is denied. Or the court may see cause to order a mere nominal alimony for the time being, and hold its power over the question until a more fit occasion arises in the indefinite future,—for which purpose this practice may be efficient. And the decree ought not then to be construed as settling what the tribunal meant it should not."

The language of the original decree shows an utter absence of intention on the part of the trial judge to make the appellant an allowance of $25 per month to be paid as long as both parties might live. The monthly payments were to continue until otherwise ordered by the court. Appellant, being the party for whose fault the decree of divorce was granted, had no absolute right to an allowance of alimony. The only benefits which she enjoyed in that regard came to her under the original order of the court, and were subject to all its conditions and limitations. When, by that decree, the continuance of her alimony was made to depend upon the further order of the court, there can be no just complaint of a want of power if the court, upon proper notice and showing, afterwards made such "further order."

The evidence on which the original temporary allowance was based is not before us. The statement of facts only contains material facts, matters, and proceedings occurring

on the hearing of the respondent's motion to discontinue the payment of alimony. In the absence of such original evidence upon which the first decree was based, we must presume that the trial judge had facts before him sufficient to justify him in making the order which he then entered. The same judge made both orders, and it may be that, when the later hearing was had upon the respondent's motion, it was made to appear that such a change had occurred in the conditions of the parties and the financial ability of the respondent as to warrant and require the order here complained of. Appellant insists that no such change has been made to appear, but we cannot know this from the record. To show that no change has taken place, it would not only be necessary to bring before us the evidence presented on the last hearing, but, also, that presented on the original trial. This has not been done, and we must presume that the trial judge, who presided at both hearings, knew all the facts and acted properly.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, and ROOT, JJ., concur.

FULLERTON, J., concurs in the result.