[No. 8813. Department Two. June 24, 1910.]

SEATTLE BREWING & MALTING COMPANY *et al., Appellants,*
v. AVERDALE TALLEY *et al., Respondents.*[1]

DIVORCE—ALIMONY—LIEN—JUDGMENT. A money judgment in lieu of alimony and costs upon granting a divorce does not have the effect of a general judgment and is not a lien upon real estate awarded to the husband as his separate property free and clear of all claims of the wife; since there is no lien for alimony in the absence of statute or express provision in the judgment therefor.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered January 8, 1910, upon findings in favor of the defendants, after a trial on the merits, in an action to quiet title. Reversed.

*Walter S. Fulton* and *Stevenson & Sutton,* for appellants.
*Walter D. Peters* and *Jas. W. Carr,* for respondents.

MOUNT, J.—Appellants brought this action to quiet title to certain real estate, and to restrain the sheriff from a threatened sale of such real estate to satisfy an execution. On a trial of the case, judgment was rendered in favor of the defendants, and the plaintiffs have appealed.

The facts are as follows: Prior to May 1, 1909, one John P. Lacerda and respondent Averdale Talley were husband and wife. On that day, at the suit of Averdale Talley Lacerda, she was granted a divorce from her husband. The decree recited, among other things, as follows:

"It is further ordered, adjudged, and decreed that all the property rights both real and personal now standing in the name of the defendant herein be and the same are hereby declared to be his sole, separate, and individual property, free and clear of all claims of the plaintiff herein of every kind and nature whatsoever. It is further ordered, adjudged, and decreed that the defendant herein be and he is hereby required to pay the plaintiff herein the sum of six hundred

[1]Reported in 109 Pac. 600.

dollars ($600), in lieu of all claims for alimony and costs in this action of said plaintiff, and transfer to her all the household furniture now owned by the parties hereto. It is further ordered, adjudged, and decreed that the said plaintiff have restored to her, and shall have hereafter the right to assume and use, her maiden name, that of Averdale Talley."

The title to the real estate in question then stood in the name of John P. Lacerda. Thereafter on May 13, 1909, he sold the real estate to the plaintiff Seattle Brewing & Malting Company, for a valuable consideration. A deed passed, and was recorded on May 20, 1909. Thereafter on the 27th day of May, 1909, the Seattle Brewing & Malting Company entered into a contract, agreeing to sell the real estate to Andrew J. Ruffner. On June 16, 1909, Averdale Talley caused an execution to be issued upon the judgment for $600 in the divorce case, and this execution was by the sheriff levied upon the real estate in question, and the sheriff was proceeding to sell the same to satisfy the said judgment.

The question in the case is whether this award of $600 in the decree of divorce is a lien upon this property. It is plain that it was not made so by the decree of divorce, for that decree recites "that all the property rights both real and personal now standing in the name of the defendant herein be and the same are hereby declared to be his sole, separate, and individual property *free and clear from all claims of the plaintiff herein of every kind and nature whatsoever.*" This language is not susceptible of the construction that the sum of $600 in lieu of all claims for alimony is made a lien on said property, for it expressly states that such property is free and clear from all claims of the plaintiff. We have several times held that the court in a divorce case may make an award of alimony, or an award in lieu of alimony, a lien upon the property of the defendant. *King v. Miller*, 10 Wash. 274, 38 Pac. 1020; *Trumble v. Trumble*, 26 Wash. 133, 66 Pac. 124; *In re Cave*, 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736; *Kane v. Kane*, 35 Wash. 517, 77 Pac. 842.

The general rule seems to be that a "decree for alimony creates no lien upon the estate of the husband, in the absence of statutes so providing, unless the decree fastens it upon some particular property. It is a personal charge upon the' husband rather than upon his estate." 2 Am. & Eng. Ency. Law (2d ed.), p. 133. The statutes of this state do not make a decree for alimony a lien upon real estate. In *King v. Miller, supra,* we said:

"Ordinarily a decree of divorce between the parties puts their property matters at rest, and should do so, but in this case an express lien was created upon the real estate in controversy for the purpose of securing the monthly allowance which was made";

thus recognizing the general rule, and also that an award of alimony may be made a lien by express order and not otherwise. In view of this rule, it follows that, if the court in the divorce case had intended to make the award of $600 in lieu of alimony a lien upon the defendant's real estate in that case, some order to that effect would have been made.

It is argued by respondent that this award of $600 in lieu of alimony is, in effect, a general judgment, and therefore became a lien upon the defendant's real estate under the statutes relating to such judgments, even though the same was not expressly made a lien by the decree. There would be some force in this argument if the court, at the time of rendering the decree, had not specifically declared that the real estate standing in the name of the defendant is "hereby declared to be his sole and separate and individual property free and clear from all claims of the plaintiff herein of every kind and nature whatsoever." If the court in that case had power to make the decree for alimony, or an award in lieu of alimony, a lien upon the real estate, which we have seen is the rule, then it follows that the court also had power to declare that such award should not be a lien upon the real estate. This latter was done. The respondent was not thereby deterred from collecting her award, because we have

held that such awards may be enforced by attachment against the person. *In re Cave, supra.* It is clear, therefore, that the decree in the divorce case did not make the award of $600 a lien upon the defendant's real estate, but instead thereof freed such real estate from the lien.

The judgment appealed from must therefore be reversed, and the cause remanded for a decree restraining the respondents from enforcing the execution against the real estate in question.

RUDKIN, C. J., PARKER, and DUNBAR, JJ., concur.