## COTTER v. COTTER.

(Circuit Court of Appeals, Ninth Circuit. August 9, 1915.)

No. 2532.

1. DIVORCE ⊂⇒3—JURISDICTION OF AMERICAN COURTS.

When the American colonies and the states of the Union adopted the common law of England, they did not adopt the ecclesiastical law pertaining to marriage and divorce, so that, in the absence of constitutional provision or express legislation, no American tribunal has jurisdiction to grant a divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 4; Dec. Dig. ⊂⇒3.]

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2.** DIVORCE ⟨⟩331—JURISDICTION OF STATE COURT—ALLEGATION IN ACTION ON
DECREE AWARDING ALIMONY.

In an action in the territory of Alaska on a decree of the superior court
of the state of Washington awarding alimony in a divorce suit, the allegation of the complaint that such court was one of general jurisdiction
was sufficient to sustain the action, as showing that the court had jurisdiction to grant divorces, since jurisdiction to grant divorces is so generally conferred upon courts of general jurisdiction in the United States
that it is the exception and not the rule that such courts have no jurisdiction over such causes.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec.
Dig. ⟨⟩331.]

**3.** DIVORCE ⟨⟩331—JURISDICTION OF STATE COURT—ALLEGATION IN ACTION ON
DECREE AWARDING ALIMONY—SUFFICIENCY.

In an action in the territory of Alaska, on a decree of the superior court
of the state of Washington awarding alimony in a divorce suit, the complaint, alleging that the court was empowered, under the laws of the state,
to grant permanent alimony, citing the clause of the statute relied on,
also alleging that the court was of general jurisdiction, stated a cause of
action as against the objection that it did not show that the state court
had jurisdiction to grant divorces.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec.
Dig. ⟨⟩331.]

**4.** DIVORCE ⟨⟩331—ALIMONY—SUIT TO RECOVER—JURISDICTION OF DECREEING
COURT.

In an action on a decree of a state court awarding permanent alimony,
the plaintiff fails if the proof does not sustain the jurisdiction of the
state court in divorce cases.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec.
Dig. ⟨⟩331.]

**5.** DIVORCE ⟨⟩241—ALIMONY—JURISDICTION OF WASHINGTON SUPERIOR COURT.

Under Ballinger's Ann. Codes & St. Wash. § 5723, providing that in
granting a divorce the court shall make equitable disposition of the property of the parties, having regard to their respective merits, and the condition in which they will be left by the divorce, the superior court of the
state of Washington had power to award permanent alimony in the form
of monthly payments for the support and maintenance of the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 679, 680, 690;
Dec. Dig. ⟨⟩241.]

**6.** DIVORCE ⟨⟩331—ALIMONY—SUIT ON DECREE IN ANOTHER JURISDICTION.

A decree awarding alimony payable in future installments constitutes
a proper basis for suit in another jurisdiction under the "full faith and
credit" clause of the federal Constitution, unless the right to receive the
alimony is so discretionary with the court rendering the decree that, even
in the absence of application to modify it, no vested right in the payments exists.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec.
Dig. ⟨⟩331.]

**7.** DIVORCE ⟨⟩245—ALIMONY—MODIFICATION OF DECREE—POWER OF COURTS.

In the state of Washington, while the court may permanently discontinue, until further order, alimony granted in monthly installments, it
may not modify a decree as to installments past due and unpaid.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec.
Dig. ⟨⟩245.]

In Error to the District Court of the United States for the Third
Division of the Territory of Alaska; Fred M. Brown, Judge.

Action at law by Sadie Cotter against Frank J. Cotter. From dis-

missal of the cause upon sustention of demurrer to the complaint, plaintiff prosecutes error. Reversed and remanded, with directions to overrule the demurrer.

This is an action instituted in the District Court for the Territory of Alaska, Third Division, based upon a decree for alimony rendered in the superior court of the state of Washington for King county. Among the allegations in the complaint are the following: "That said decree further provided and ordered that the defendant pay to the plaintiff, as permanent alimony, the sum of $50 per month, the same to be paid on the 1st day of each and every month from the date of the entry of said decree. That said decree further provided that the defendant should pay certain outstanding indebtedness incurred by the plaintiff in the sum of $750. That no part of same has been paid except the sum of $120, and there is now due and owing from the defendant to the plaintiff the sum of $630, together with interest thereon at the rate of 8 per cent. (8%) per annum from date until paid. That the defendant has not paid said alimony or any part thereof, and there is now due and owing on account of the same, from the defendant to the plaintiff, the full sum of $650, together with interest thereon at the rate of 8 per cent. per annum from date until paid. * * * That said superior court for King county, in the state of Washington, is duly empowered and authorized under the laws of said state to grant permanent alimony, as provided by said decree, a copy of the statutes of the state of Washington relative thereto being as follows, and hereby made a part of this complaint: 'In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage.'" The prayer is for $1,280, and interest thereon at 8 per cent.; that defendant be required to pay a reasonable sum into court to defray the expenses of the action and for counsel fees, and for further relief. A demurrer was interposed to the complaint, assigning as reasons therefor that the court has no jurisdiction of the subject-matter, that the plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. This was sustained, and, the cause having been dismissed, plaintiff prosecutes error.

John Lyons and E. E. Ritchie, both of Valdez, Alaska, and Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for plaintiff in error.

S. O. Morford, of Seward, Alaska, for defendant in error.

WOLVERTON, District Judge (after stating the facts as above). In support of the demurrer, the defendant in error insists that the complaint is defective in that it does not show that the superior courts of the state of Washington have jurisdiction to grant divorces.

[1-4] Formerly in England the ecclesiastical courts possessed exclusive jurisdiction over matrimonial causes, and such was the case at the time of the adoption of the American Constitution. Ecclesiastical courts have not been established in this country, and when it is said that the colonies and the states of the Union adopted the common law of England, it is not true that they adopted the ecclesiastical law pertaining to marriage and divorce, or the power incidental thereto of granting divorces in any form. Hence it is affirmed on authority that, in the absence of constitutional provision or express legislation, no American tribunal has jurisdiction to grant a divorce. 14 Cyc.

581, 582; 9 Am. & Eng. Enc. of Law (2d Ed.) 739. But we think it will not be gainsaid that the jurisdiction to grant divorces is so generally conferred upon the courts of general jurisdiction in this country that it is the exception and not the rule that such courts are without jurisdiction pertaining to such causes, and it would seem that the allegation that the Washington court is a court of general jurisdiction is sufficient to sustain the action. If this position be questioned, the ninth paragraph of the complaint does allege that the Washington court was empowered, under the laws of the state, to grant permanent alimony, citing the clause of the statute relied upon. Under this clause, as we shall presently see, the court did possess the authority to grant the alimony now sought to be recovered. In view of this paragraph, looking to the complaint as a whole, there can be no doubt that it states a cause of suit as against the specific objection. Of course, if the proof should not sustain the jurisdiction in divorce causes, the plaintiff must fail, but not for the reason that the complaint does not state a cause of suit.

It is further urged that the superior court of Washington was without power or authority to grant alimony to the plaintiff, and that, even if it had such power, the decree rendered was not such a one as suit could be maintained upon in another jurisdiction, because the decree or judgment is not for any sum certain, but for alleged alimony, payable in the future by installments.

[5] Answering these contentions in the order stated, it may be premised that the statute of Washington provides, as alleged in the complaint, that:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage." 2 Ballinger's Codes & Statutes, § 5723.

Construing this statute, the court upheld a decree of the superior court awarding to the plaintiff $20 per month alimony and $50 attorney's fee. In re Cave, 26 Wash. 213, 66 Pac. 425, 90 Am. St. Rep. 736. Remarking upon the effect of this decision, the court in a later case (Mahncke v. Mahncke, 43 Wash. 425, 426, 86 Pac. 645, 646), says:

"We have heretofore held that Bal. Code, § 5723 (P. C. § 4637)"—being the section above quoted—"confers upon courts of this state power to award permanent alimony in the form of monthly or annual payments for support and maintenance."

See, also, Markowski v. Markowski, 44 Wash. 594, 87 Pac. 914; Claiborne v. Claiborne, 47 Wash. 200, 91 Pac. 763; Ramsdell v. Ramsdell, 47 Wash. 444, 92 Pac. 278.

There would seem to be no further question respecting the court's power to grant alimony in divorce proceedings in the state of Washington.

[6] Respecting the remaining contention, it has been judicially settled by the Supreme Court that a decree awarding alimony payable in future installments constitutes a proper basis for suit in another jurisdiction, under the "full faith and credit" clause of the federal Constitution, unless the right to receive the alimony is so discretionary with the court rendering the decree that, even in the absence of application to modify the decree, no vested right exists. Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061; Barber v. Barber, 21 How. 582, 16 L. Ed. 226; Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810.

[7] In Washington, while the court may discontinue alimony permanently where granted in monthly installments until further order of the court (Mahncke v. Mahncke, supra), it may not modify a decree as to installments of alimony past due and unpaid (Harris v. Harris, 71 Wash. 307, 128 Pac. 673; Beers v. Beers, 74 Wash. 458, 133 Pac. 605).

These considerations lead to a reversal of the judgment, and the cause will be remanded, with directions to the court below to overrule the demurrer, and for such other proceedings as may seem proper, not inconsistent with this opinion.

It should be further stated, in order that there may be no misunderstanding, that the Alaska court, exercising jurisdiction respecting the action to recover on this judgment, is not exercising jurisdiction relative to divorce proceedings, and has no power to require the defendant to pay into court plaintiff's expenses attending the cause, or counsel fees, as prayed. Whatever costs she is entitled to must follow the judgment recovered if she is successful. Barber v. Barber, supra.