[No. 2366]

## RUTH PHILLIPS, RESPONDENT, *v.* PLINY H. PHILLIPS, APPELLANT.

[180 Pac. 907]

1. DIVORCE—HARMLESS ERROR—ORDERS.
   On order to show cause why defendant should not be punished as for contempt for failure to pay alimony, an order directing him to pay certain alimony, which was futile as a process either for the enforcement of the original order or for the execution of its own mandate, will not be vacated, even though the court did not have jurisdiction in first place to award alimony.

2. DIVORCE—ABILITY TO PAY ALIMONY—QUESTION OF FACT.
   Whether or not a divorced husband is able to pay alimony is a matter left entirely with the lower court.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Action by Ruth Phillips against Pliny H. Phillips for divorce. Judgment for plaintiff. On order to show cause why defendant should not be punished for contempt for his misconduct in failing to pay alimony. From an order directing him to pay alimony, defendant appeals. **Affirmed.**

*H. V. Morehouse* and *H. W. Huskey,* for Appellant:

An order is no part of the judgment, but, when set out in the judgment, it is a part of the judgment. Rev. Laws, 5362. Nonpayment of alimony is made a contempt only by the "disobedience or resistance of any lawful writ, order, rule or process issued by the court or judge at chambers." Rev. Laws, 5394. "An order is any direction of a court or judge made or entered in writing, and not included in a judgment." Rev. Laws, 5362; 15 Pl. & Pr. 316; Berryhill v. Smith, 51 Iowa, 127; Loring v. Illsley, 1 Cal. 24.

"The statute relating to contempts and punishments must be strictly construed, and no interpretation should be given it beyond its obvious meaning." Ex Parte Sweeney, 18 Nev. 74. "The statute concerning contempts is a penal statute, and must be strictly construed in favor of those accused of violating its prohibition." Maxwell v. Rives, 11 Nev. 213.

No motion for new trial was made herein nor appeal taken. There was no reservation in the judgment, and it therefore became final. "To continue the full and complete jurisdiction of the district court over the term at which judgment is rendered, some order must be made or some proceeding taken in accordance with the statute." State v. Bank, 4 Nev. 358; State v. Smith, 16 Nev. 371; Daniels v. Daniels, 12 Nev. 118; Clark v. Strauss, 11 Nev. 76. "We have repeatedly held that after the adjournment of the term the court loses all control over cases decided, unless its jurisdiction is saved by some motion or proceeding at the time." Castro v. Richardson, 25 Cal. 49; Exchange Bank v. Ford, 3 Pac. 449; Jones v. Sulphur Co., 14 Nev. 174; Vantilburg v. Black, 3 Mont. 469.

In civil contempts the facts set up in the affidavit must be such that when established they would constitute a contempt. 9 Cyc. 6; Wyatt v. People, 28 Pac. 961; Batchelder v. Moore, 42 Cal. 412; Overland v. Supreme Court, 63 Pac. 372; Phillips v. Welch, 12 Nev. 164.

An execution is the proper process for the enforcement of the judgment. Van Cleave v. Bucher, 21 Pac. 954; Hall v. Harrington, 44 Pac. 365.

Our divorce law is purely statutory. The statute is the measure of the power of the court. If the statute grants no power, the court has none. Our statute authorizes the court to make orders for temporary alimony only. Rev. Laws, 5843; Danforth v. Danforth, 40 Nev. 445; Worthington v. District Court, 37 Nev. 234. The statute nowhere authorizes any decree granting permanent alimony. Weber v. Weber, 17 Pac. 866; Huffman v. Huffman, 114 Am. St. Rep. 943; 2 Bishop, Mar. & Div., sec. 1039; Stewart, Mar. & Div., sec. 364; Brenger v. Brenger, 135 Am. St. Rep. 1050. "Alimony and counsel fees cannot be decreed except in cases specified in the statutes." Kelley v. Kelley, 42 Am. St. Rep. 389; Maslen v. Anderson, 163 Mich. 477; Perkins v. Perkins, 16 Mich. 162; Bialy v. Bialy, 167 Mich. 559; Stack v. Grimon, 143 S. W. 450; Graham v. Graham, 136 N. W. 162.

"To justify any act or proceeding in a case of divorce, whether * * * or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute." Barker v. Dayton, 28 Wis. 367; Wallace v. Wallace, 72 Atl. 1033; Chapman v. Chapman, 192 S. W. 448.

"If then the court below exercised power not conferred by the organic laws of the territory, and not inherent in the court, the judgment is void, and may be taken advantage of anywhere or before any court." Kenyon v. Kenyon, 24 Pac. 829; Murray v. A. S. Co., 70 Fed. 341; Moore v. Town, 32 Fed. 498; Furgerson v. Jones, 11 Am. St. Rep. 808. The order herein should be annulled, vacated, and set aside. Lutz v. District Court, 29 Nev. 152. "The court cannot read into the statute something beyond the manifest intention of the legislature gathered from its language." Tiedemann v. Tiedemann, 36 Nev. 502. Violation of an order which the court has no power to make is not contempt. State v. District Court, 53 Pac. 272; Leopold v. People, 30 N. E. 348; Brown v. Moore, 61 Cal. 432; People v. O'Neill, 47 Cal. 109; Whitney v. Bank, 15 South. 33; Cline v. Langan, 31 Nev. 239. The judgment being void, it may be attacked at any time, as being in excess of the jurisdiction of the court. People v. Liscomb, 32 Pac. 197; Miskimins v. Shaver, 58 Pac. 411; Russell v. Shurtleff, 89 Am. St. Rep. 218.

The defendant purges himself of contempt, even where the court has jurisdiction, when he shows he has no money or property. Lutz v. District Court, supra; O'Callaghan v. O'Callaghan, 69 Ill. 552; Ex Parte Silvia, 123 Cal. 293; Pinckard v. Pinckard, 23 Ga. 286; Deen v. Bloomer, 61 N. E. 131; Nixon v. Nixon, 37 Pac. 839; Holcomb v. Holcomb, 102 Pac. 653.

*L. D. Summerfield,* for Respondent:

No motion for a new trial having been made, the insufficiency of the evidence cannot be considered. Whitmore v. Shiverick, 3 Nev. 288; Cooper v. Insurance Co.,7 Nev. 116; James v. Goodenough,7 Nev. 324; Conley v. Chedic, 7 Nev. 336; Burbank v. Rivers, 20 Nev. 81.

The order entered by the lower court after the hearing had in the contempt proceedings initiated on the affidavit of plaintiff was not a "verdict," as the conclusion was reached by the court without a jury. It was, however, a "decision." Rev. Laws, 5328; Burbank v. Rivers, 20 Nev. 81. "Such a judgment or decree cannot be assailed unless it be shown that the court was without authority to render it. * * *" 14 Cyc. 794.

"Upon receiving a divorce on account of defendant's misconduct, she is entitled to a support from his property during her life, or so long as she shall remain unmarried." Lake v. Bender, 7 Pac. 74. "Inasmuch as there was no reservation in the decree of power to modify the alimony and support and maintenance, it definitely fixed the obligation of the defendant, and entitled plaintiff to recover the amount thereby established to be due and owing to her in the courts of this state." Tiedemann v. Tiedemann, 158 N. Y. Supp. 851.

"Although there is some authority to the contrary, it has been generally held that the ability to comply, of one charged with contempt for disobedience of an order, need not be alleged in the initiatory affidavit or complaint." 13 C. J. 661; In Re McCarthy, 154 Cal. 534; Galley v. Galley, 33 Ohio Cir. Ct. 161; Andrew v. Andrew, 62 Vt. 495; Curtis v. Gordon, 62 Vt. 340; In Re Meggett, 105 Wis. 291. The affidavit need set up only the disobedience of the court order. Nowhere in the contempt statute is there support for the rule that plaintiff must set up ability as a jurisdictional fact in the affidavit. Rev. Laws, 5396, 5403, 5404. "The question whether or not the petitioner was able to comply with the order was one of fact, to be determined by the court making the order, upon evidence." Ex Parte Cottrell, 59 Cal. 417.

"In most jurisdictions the statutes defining or enumerating specific acts which constitute contempt are merely declaratory of the common law." 13 C. J. 8. "Disobedience or resistance of, or an attempt to prevent the execution of a lawful order, judgment, decree, or mandate of a court is such an interference with or attempt

to obstruct the due administration of justice as to constitute a contempt. 13 C. J. 9.

"A decree for alimony will necessarily conform to the requirements of the practice in the particular jurisdiction. It may be rendered separately or as a part of the decree of divorce." 14 Cyc. 782. "The right to enforce payment of permanent alimony by contempt proceedings belongs inherently to a court having jurisdiction in divorce suits, or is conferred upon them by statute as a necessary incident to the exercise of such jurisdiction." 14 Cyc. 799. "The judgment is not attacked on the ground of fraud or mistake. The court has absolutely no jurisdiction to change its decree, but possesses only the right to enforce obedience to it." Ruge v. Ruge, 165 Pac. 1063.

Appellant failed to establish his inability to comply with the order. "The burden is upon a husband alleging inability to show that fact." 14 Cyc. 801. "A defendant cannot be imprisoned for contempt in failing to pay money awarded as alimony which he is unable to pay, *unless* it appear that his inability was occasioned by his own act for the purpose of avoiding payment."

By the Court, SANDERS, J.:

This is primarily and essentially a contempt proceeding, initiated upon the affidavit of the plaintiff in a divorce action, setting forth the failure of the defendant therein to pay alimony awarded the plaintiff in connection with an absolute divorce.

Upon the presentation and filing of the affidavit entitled in the cause, the court below made an order commanding the defendant to show cause why he should not be punished as for contempt for his misconduct in failing to comply with the order of the court as set forth in the affidavit, "or such other order or orders as the court may deem meet and just to make in the premises."

For answer to the show-cause order the defendant set up certain legal defenses in bar of the proceeding and his inability to comply with the order.

Upon a full hearing the court made its findings of fact and conclusions of law, and upon these findings caused to be entered an order, which is as follows:

"It being satisfactorily shown to the court that the defendant has failed to obey the order of this court, entered herein on the 17th day of September, 1913, providing for the payment of fifty ($50.00) dollars per month to the plaintiff, Ruth Phillips, on the 15th day of each and every month until such time as the plaintiff shall die or remarry; and on the hearing on the 'order to show cause,' had in this court, it having been shown that the defendant is indebted to the plaintiff in the sum of twenty-five hundred and seventy-five ($2,575.00) dollars under said order, and said matter having been submitted on Saturday, November 30, 1918, and the court being fully advised in the premises, now orders that said defendant be, and he is, hereby ordered to pay to the plaintiff, forthwith, the sum of five hundred ($500.00) dollars, to be credited on said total, the balance due thereon to be paid plaintiff by defendant at the rate of fifteen ($15.00) dollars per month, on the 15th day of each and every month, at the time the fifty ($50.00) dollars per month is paid as in said order of September 13, 1913, provided, until said balance of twenty hundred and seventy-five ($2,075.00) dollars on the arrears shall be fully paid and discharged; the fifty ($50.00) dollars per month alimony to continue as in said original order provided."

From this order the defendant appeals.

While numerous errors are assigned and discussed, we take it that the appellant's main objection to the order is that the court should have released him from the payment of any sum or sums whatever as alimony, past or future, upon the ground and for the reason that the court in the divorce action was without jurisdiction, power, or authority to award the plaintiff alimony in connection with her decree of absolute divorce. In the view we take of this proceeding and the order, it is unnecessary for us to express any opinion upon this question; but we have a strong impression that this

and other courts, whose statute is not unlike that of ours, are committed against this proposition. Lake v. Bender, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74, followed and construed in Tiedemann v. Tiedemann, 172 App. Div. 819, 158 N. Y. Supp. 851, and Id., 36 Nev. 494, 137 Pac. 824, and followed in Powell v. Campbell, 20 Nev. 238, 20 Pac. 158, 2 L. R. A. 615, 19 Am. St. Rep. 350, on the point that the object of the statute regulating divorce was to provide support for the wife and minor children  Ex Parte Spencer, 83 Cal. 460, 23 Pac. 395, 17 Am. St. Rep. 266; In Re Cave, 26 Wash. 213, 66 Pac. 426, 90 Am. St. Rep. 736.

1. Our objection to the order is the form in which it is entered, but we do not regard this as being so material as to justify its being vacated. It is futile as a process either for the enforcement of the original order or for the execution of its own mandates. It leaves the respondent to pursue such methods for its enforcement, in case the appellant should disobey its direction, as she may be advised.

2. It is insisted that the evidence does not support the finding that the appellant is able to comply with the order. This is a matter left entirely with the lower court, and we decline to disturb its finding in this respect.

The order is affirmed.