[No. 17954.  *En Banc.*  January 30, 1924.]

ANNA P. MATTINSON, *Appellant,* v. E. D. MATTINSON, *Respondent.*[1]

HUSBAND AND WIFE (40, 74)—ACTIONS—RIGHTS IN RESPECT TO WIFE'S SEPARATE ESTATE—COMMUNITY DEBT.  Where money was loaned by a wife to her husband, his obligation is presumed to be a community debt, in the absence of any evidence to the contrary.

SAME (40, 74).  Where a husband borrows money from his wife, he and the community are liable on the obligation.

SAME (40, 86)—IN RESPECT TO WIFE'S SEPARATE ESTATE—ACTION BY WIFE AGAINST HUSBAND.  Rem. Comp. Stat., § 6903, providing that, where either husband or wife obtain possession or control of property belonging to the other, the owner may maintain an action therefor, authorizes the wife to bring an action against her husband and against the community for her separate funds loaned to the husband.

HOLCOMB, MITCHELL, and MACKINTOSH, JJ., dissenting.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered March 31, 1922, upon findings in favor of the defendant, in an action on contract and to quiet title.  Reversed.

*John C. Hurspool* and *Elisha A. Baker,* for appellant.

PEMBERTON, J. — Appellant instituted this action against E. D. Mattinson, her husband, to have certain real estate adjudged to be her separate property clear of any claim of the community consisting of herself and respondent, and for judgment for moneys loaned to respondent.  Judgment was entered as prayed for as to the real estate, and denied for the money loaned, from which judgment this appeal is taken.

The court held that appellant could not recover judgment against respondent or the community for moneys

[1]Reported in 222 Pac. 620.

loaned respondent during the existence of the marital relation. The cross-appeal taken by respondent appears to have been abandoned, and upon motion of appellant it is hereby dismissed.

The trial court found the facts as follows:

"(8) That commencing with the year 1916 and prior to the commencement of this action plaintiff loaned to the defendant certain sums of money out of the rents, issues and profits of her separate property by check drawn by her on her account at the Baker-Boyer National Bank of Walla Walla, Washington, and in cash, but it did not appear from the evidence whether such sums were loaned to the community consisting of plaintiff and defendant or to the defendant for his separate benefit.

"(9) That commencing with the year 1916, and up to the time of the commencement of this action plaintiff paid out of her separate funds to the Baker-Boyer National Bank of Walla Walla, Washington, upon notes executed by plaintiff and defendant to such bank for moneys borrowed by defendant from such bank certain sums of money, but it does not appear whether the money so borrowed by defendant was borrowed for the benefit of the community consisting of plaintiff and defendant or by defendant for his separate benefit."

There were other findings as to other indebtednesses represented by notes signed by both appellant and respondent for which the court would not permit recovery, but without prejudice to the right of appellant to maintain an action therefor in the event she pays the same out of her separate property. Appellant insists that she is entitled to judgment against respondent and the marriage community of appellant and respondent.

·The testimony shows that the money in question was loaned to respondent for his own behalf or for the benefit of the community. In the failure to show to the contrary, the obligation is presumed to be a community

obligation. *Rea v. Eslick*, 87 Wash. 125, 151 Pac. 256; *McDonough v. Craig*, 10 Wash. 239, 38 Pac. 1034; *Calhoun v. Leary*, 6 Wash. 17, 32 Pac. 1070; *Bryant v. Stetson & Post Mill Co.*, 13 Wash. 692, 43 Pac. 931. Respondent, being the manager of the community estate, is personally liable as well as the community. *First National Bank of Ritzville v. Cunningham*, 72 Wash. 532, 130 Pac. 1148; *Curry v. Catlin*, 9 Wash. 495, 37 Pac. 678, 39 Pac. 101; *Erfurth v. Erfurth*, 90 Wash. 521, 156 Pac. 523; *Parke v. Case*, 113 Wash. 263, 193 Pac. 688.

The law of this state permits both the husband and wife to each hold property separate and apart from the other and recognizes that the marriage community is a separate entity distinct from the separate estates of each. Sections 6890, 6891, 6892, Rem. Comp. Stat. [P. C. §§ 1432, 1424, 1433].

"In fixity of constitution, a community resembles a corporation. It is similar to a corporation in this, also, that the state originates it, and that its powers and liabilities are ordained by statute. In it, the proprietary interests of husband and wife are equal, and those interests do not seem to be united merely, but unified; not mixed or blent, but identified. It is *sui generis*,—a creature of the statute." *Holyoke v. Jackson*, 3 Wash. Terr. 235, 3 Pac. 841.

See, also, *Ryan v. Ferguson*, 3 Wash. 356, 28 Pac. 910.

Under the law, the husband has the management and control of the community property. Sections 6892, 6893, Rem. Comp. Stat. [P. C. §§ 1433, 1434]. If in his management he borrows money from his wife belonging to her separate property he and the community are liable upon this obligation to the same extent as if borrowed from a third party and there is no reason pointed out why the wife should not be permitted to bring an action to recover the amount loaned from her

separate funds and secure judgment against her husband personally and the marriage community. She may sue and be sued as if unmarried. Sections 6900, 6902, Rem. Comp. Stat. [P. C. §§ 1420, 1430].

The statute expressly authorizes this action.

"Should either husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and to the same extent as if they were unmarried." Section 6903, Rem. Comp. Stat. [P. C. § 1425].

It is the intent and purpose of the law that the questions involving the title to property be settled while both the husband and wife are living and not postponed until after the death of one of the spouses when the proof of the obligation would be very difficult if not impossible.

It might be claimed that it would open the door to fraud to permit one spouse to maintain an action against another and the community in favor of the separate estate of one of the spouses. This right, however, would not in anywise affect the rights of third parties and when brought in question the burden would be upon the husband and wife to show the good faith of the transaction. Section 10571, Rem. Comp. Stat. [P. C. § 1930].

The judgment of the trial court is modified and the case remanded with directions to enter judgment against both respondent and the marriage community of respondent and appellant in the amounts found due in findings of fact numbers 8 and 9.

MAIN, C. J., FULLERTON, PARKER, TOLMAN, and BRIDGES, JJ., concur.

HOLCOMB, J. (dissenting)—We cannot agree with the reasoning of the majority. The court held that by the evidence in the case it was impossible to determine whether the moneys advanced by appellant were advanced to, and borrowed by the defendant, for the benefit of the community consisting of the plaintiff and defendant, or by the defendant for his separate benefit. The presumption of community property was not overcome by a preponderance of the evidence. On some matters the evidence was equally balanced, and that was the most that could be said. If either husband or wife can bring action under the statute to recover for moneys advanced the other for community benefits, the courts will soon be swamped with such suits. Which ever spouse advances more funds for the community benefit than the other will bring action for the excess. The statute relied upon as to *recovery of property* in control of one spouse, by the other, was never intended to permit such remedies.

The judgment was right and should be affirmed.

MITCHELL and MACKINTOSH, JJ., concur with HOLCOMB, J.