[No. 28515. Department One. October 10, 1941.]

MORGAN A. STAFFORD *et al., Appellants,* v. EVELYN
STAFFORD, *Respondent.*[1]

*John C. Hurspool,* for appellants.

*Geo. W. Thompson* and *Keylor Smith,* for respondent.

[1]Reported in 117 P. (2d) 753.

650

MAIN, J.—This action was brought to quiet title to real property. To the amended complaint, which will be referred to as the complaint, the defendant interposed a demurrer, which was sustained. The plaintiffs refused to plead further, and elected to stand upon their complaint. From the judgment dismissing the action, they appeal.

The facts, as stated in the complaint, so far as here material, may be summarized as follows: Morgan A. Stafford, one of the appellants in this case, and Evelyn Stafford, his then wife, were divorced, by final decree, February 10, 1923. The interlocutory decree in the case had awarded certain property to Mrs. Stafford, and provided for the sum of one hundred dollars as alimony for the support of herself and the minor son of the parties. October 16, 1935, the appellant, Morgan A. Stafford, intermarried with his present wife, Mabel Stafford. September 30, 1936, the appellants purchased, with moneys earned after their marriage, certain real estate. The title thereto was taken in the name of both parties and was alleged to be their community property and to be of the value of five hundred dollars.

The complaint further states that the interlocutory decree and final decree in the divorce action create an apparent lien on the property and a cloud upon the appellants' title, and alleges that those decrees are not a lien and create no interest in the property here involved. There is a further allegation that the respondent claims the right to have execution levied upon the property and to sell the same or some interest therein in satisfaction of the unpaid portion of the alimony and support money, and threatens so to do.

The question presented is whether the awarding of a lump sum for alimony in the divorce decree became a lien upon real property subsequently purchased by

community funds. Whether, if Mr. Stafford had real property at the time the divorce decrees were entered, such decrees would have created a lien upon the property, is a question which we will pass without discussion or decision because that question is not material here.

 The decrees in the divorce action only imposed upon the divorced husband an individual obligation. The law of this state is that a separate judgment against a husband does not become a lien against community property. *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688; *Deering v. Holcomb,* 26 Wash. 588, 67 Pac. 240, 561. The interest of the respective spouses in community property is separate and distinct from the separate estate of each. *Holyoke v. Jackson,* 3 Wash. Terr. 235, 3 Pac. 841; *Mattinson v. Mattinson,* 128 Wash. 328, 222 Pac. 620.

██ Neither the husband nor the wife can alienate or convey his or her interest in community real estate during the lifetime of the community, and, if neither of them has the right to sell or convey to any third person, creditors have no greater right. *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480, 28 Pac. 1035; *Stockand v. Bartlett,* 4 Wash. 730, 31 Pac. 24.

██ ██ The appellants rely also upon the case of *Seattle Brewing & Malting Co. v. Talley,* 59 Wash. 168, 109 Pac. 600. But that case is clearly distinguishable. On the other hand, the respondent leans heavily upon the case of *Fisch v. Marler,* 1 Wn. (2d) 698, 97 P. (2d) 147. In that case, there had been a prior marriage and divorce, with alimony mentioned in the decree. Subsequently, the husband remarried. The alimony provided for in the decree had not been fully paid. The divorced wife, by writ of garnishment, sought to recover the earnings of her former husband after he had remarried, and it was there held that the former

wife had a right to such a writ, and, upon a hearing, the former wife may be given such portion of her past husband's earnings as may be just and equitable under the facts and circumstances of the particular case. The question of whether a decree for alimony, which is past due and unpaid, becomes a lien on real property was not involved in that case. A husband has much broader control over community personal property than he has over community real estate.

Rem. Rev. Stat., § 6892 [P. C. § 1433], provides that:

"The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

Section 6893 [P. C. § 1434] provides that:

"The husband has the management and control of the community real property, but he shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed, or encumbered, . . ."

From these statutes, it appears that the husband may sell and dispose of community personal property, but that he cannot make a testamentary disposition of the same, with the exception of one-half thereof; and that, even though the husband has the management and control of community real property, he does not have any power to sell, convey, or encumber the same unless the wife join with him in executing the deed or other instrument of conveyance.

A case, such as the *Fisch* case, holding that the divorced wife, by garnishment, may reach her divorced husband's earnings after remarriage, to the extent that may be just and equitable under the particular facts of the case, cannot be authority to support the divorced

wife's claim to the right to levy an execution upon, and sell, community real estate.

Cases holding that, where a decree of divorce is entered and there are children, or there is a reservation in the decree to the effect that the wife may make an application for modification thereof as to alimony not accrued, if the circumstances of the parties change, have no application here.

We see no reason to review the authorities from other jurisdictions, inasmuch as it appears to us that the law on this matter is definitely settled by the decisions of this court.

The judgment of dismissal will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

ROBINSON, C. J., STEINERT, and DRIVER, JJ., concur.

MILLARD, J. (dissenting)—A woman, who marries a divorced man who is required by the divorce decree to pay a stipulated amount at stated intervals for the support of his divorced wife and the child or children of himself and that divorced wife, takes that divorced man with the understanding that the prior claim must be satisfied from the community property of herself and that divorced man, if he can not satisfy that obligation from his separate property.

I am mindful of expressions of this court that a marital community is an entity, and that a separate judgment against a husband or wife does not become a lien against community property. By the community property law of this state, Rem. Rev. Stat., § 6890 [P. C. § 1432] *et seq.*, the legislature did not create an entity or a juristic person separate and apart from the spouses composing the marital community. All that the legislature did was to classify as community property—designate the character of certain

property as community and other property as separate —the property acquired after marriage by the spouses. We have, for convenience of expression, employed the terms "entity" and "legal entity," in referring to a partnership and to a marital community. We have never held, however, that a partnership or a marital community is a legal person separate and apart from the members composing the partnership or community, or that either the partnership or the marital community has the status of a corporation.

A marital community is not a corporation nor is it a partnership, although the community of property between the spouses is, in a restricted sense, a partnership between the husband and wife. The legislature did not change, in defining community property (Rem. Rev. Stat., § 6890 *et seq.*), the relationship of husband and wife to the status of a corporation, or declare that the property acquired during marriage was owned by a legal personality, distinct from the spouses composing the community.

I agree that, in the community property, each of the spouses has an undivided one-half interest, but I repeat that a woman, who marries a divorced man who is required by a divorce decree to make certain payments for the support of his divorced wife and child, takes the divorced man with the burden of satisfying, if the man has not available separate property for that purpose, from the community property of herself and that divorced man the prior claim of the divorced wife. The divorced man and the second wife may not, by the investing of cash or other personal property in real property, escape, any more than if they went through bankruptcy, the burden which they accept when they marry each other. A holding that a woman and a divorced man, who marry each other, may transmute their subsequently acquired personal prop-

erty into real property and thereby evade payment by that husband of an amount stipulated by a divorce decree for the support of the divorced wife and children, would be contrary to a sound public policy, and would permit a father to escape a responsibility which is founded upon the very laws of nature.

The remedy of contempt proceedings to coerce the father to support his child would not always be effective. Concealment of the community personal property acquired by him and his second wife, or changing its character to that of real property, thereby rendering himself unable to support his child or children because of lack of separate property or community personalty (concededly, the husband's separate real and personal property and the community personal property may be taken to satisfy the judgment for alimony and support of the children), would defeat the children's claim. The father's hungry and unclad children would not be fed or clothed by the contempt proceeding. The second wife could retain the community real property, and permit her husband to remain confined because of his contumacy, while she lived on the proceeds from that real property. No such situation should be countenanced.

The judgment should be affirmed.