208 P.2d 646

**MARICOPA COUNTY v. DOUGLAS et al.**

**No. 4998.**

Supreme Court of Arizona.

July 18, 1949.

Francis J. Donofrio, County Atty., Warren L. McCarthy, Deputy County Atty., Phoenix, for appellant.

Leslie C. Hardy, Phoenix, for appellees.

Charlie W. Clark and John Henley Eversole, Phoenix, amici curiae.

DeCONCINI, Justice.

Maricopa County, appellant, a body politic, brought suit against defendant Judie Douglas and L. E. Douglas, her husband, appellees, for return of the sum of $1,825 paid to Mrs. Orpha Giles, mother of Judie Douglas, for old-age assistance under the Public Welfare law. The case was tried on an agreed statement of facts, and in open court at the time of argument of this case counsel stipulated one change. The facts are briefly as follows.

Mrs. Orpha Giles, mother of Judie Douglas, one of the appellees, was eligible for old-age assistance, and received from the Maricopa County Board of Social Security & Welfare, hereinafter referred to as the Board, old-age assistance from April 1, 1941, to December 1, 1945, the sum of $1,825. Mrs. Giles has continuously resided with her daughter and son-in-law since before 1941. During 1941 through 1945, inclusive, appellees filed both federal and state separate income tax returns, each of which reported an income in excess of $3,000 annually. Said income was community property and taxes thereon were paid out of community funds. Judie Douglas owned no separate property during those years, but had sufficient community property to support her mother Mrs. Giles. Property owned by appellees consists solely of community property. During the years 1941 to 1946, inclusive, appellees paid ad valorem taxes from community funds in the amount of $11,546, and luxury and privilege taxes in addition thereto. The said taxes were apportioned and distributed in part to the Old-Age Assistance Fund and to the credit of the State Board of Social Security and Welfare to be used in extending assistance to qualified aged persons and to the needy blind.

Before instituting this action the board demanded that Judie Douglas repay to appellant the sum of $1,825 received by Mrs. Orpha Giles for old-age assistance. Upon her refusal this suit was brought. Judgment was rendered for defendants on the ground that the law was unconstitutional because of its being vague, indefinite and uncertain, from which plaintiff appeals.

Appellees raise on appeal other reasons for judgment in their behalf besides the one found in the judgment of the lower court.

We shall treat appellant's assignment of error first. The title and pertinent sections involved here are recited below. (Laws of Regular Session 1941, now Sec. 70-214a, A.C.A.1939, Supp., later repealed as hereinafter mentioned.)

"Chapter 32

(House Bill No. 31)

"An Act

"Relating to Old Age Assistance: Increasing the Amount of Assistance to be Paid and Amending Section 70-205, Arizona Code of 1939; Establishing Relatives' Responsibility, and Declaring an Emergency.

"Be it Enacted by the Legislature of the State of Arizona:

"Section 1. * * *

"Sec. 2. Relatives' Responsibility. If the person receiving aid has within the state a spouse or adult child filing a return under the state or federal income tax act, having a gross income of over three thousand dollars per annum, and pecuniarily able to support said person, the board of social security and welfare shall request the county at-

torney or other civil legal officer of the county wherein such aid is granted to proceed against the kindred in the order of their responsibility to support, i. e., first the spouse and second the adult child. Upon such demand the county attorney or other civil legal officer of the county wherein such aid is granted shall, on behalf of said county, maintain an action in the superior court of the county wherein such aid is granted, against said relatives, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay, and to secure an order requiring the payment of any sums which may become due in the future for which the relative may be liable. Any sum so recovered shall be credited by the county, to the state and to the federal government in proportion to the contributions of each respectively, or in the manner prescribed by the state board of social security and welfare. The granting of or continued receipt of aid shall not be contingent upon such recovery."

It is to be noted that the title of the act itself states "Establishing Relatives' Responsibility" and when read with section 2 of the Act which creates the primary duty or liability and then provides the remedy through action by the county attorney, the intent of the legislature is readily ascertainable. We heretofore said: "In determining the extent and operation of the act we have to consider not only the law itself but its title." Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292, 296.

It is well settled in this jurisdiction that the court should make every effort to sustain and uphold statutes rather than to defeat them; and to give them operation and effect if the language will permit, rather than treat them as meaningless. It is also elementary that we should abide by legislative intent and determine that intent from necessary implication as to what was intended. What is necessarily implied in a statute is as much a part of it as what is expressed. Sutherland, Statutory Construction, Lewis' 2nd Ed., Vol. II, Sec. 586, p. 1077. Taken from Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684; Coggins v. Ely, 23 Ariz. 155, 202 P. 391; Mahoney v. Maricopa County, 49 Ariz. 479, 68 P.2d 694.

From the foregoing statute and legal principles enunciated it can be plainly seen that this law provides both a right and a remedy in favor of appellant. Counsel for appellees cites Los Angeles County v. Hurlbut, 44 Cal.App.2d 88, 111 P.2d 963, 969; State v. Sharp, 21 Ariz. 424, 189 P. 631, as authority for the reverse of the above statement. These decisions as we interpret them do not support that conclusion.

Appellees contend that the law is further indefinite in that it does not prescribe which public officer has the right and power to satisfy the judgment lien of record.

While no express provision is made for the discharge of the lien in 70-214a, yet the discharge of same would be implied. Suth-

erland's Stat.Const., 3rd Ed. 1943, section 5402, pp. 19-20.

" * * * That which is clearly implied is as much a part of the law as that which is expressed. * * *"

Counsel for appellees ingeniously argues his point but cites no authorities to support his position. Furthermore, counsel assumes that the federal government has a lien that needs to be discharged. Such is not the case for the reason that the federal government is not a party. The county is the only plaintiff. The judgment therefore runs in its favor and upon payment therefor the county attorney is authorized to satisfy the judgment. Section 62-104, A.C.A.1939.

▮ Appellees would have no trouble having their lien discharged upon payment of the judgment.

"It is elementary that an extinguishment of the debt, ipso facto discharges the lien to secure the same." 33 Am.Jur., Liens, sec. 27. See also Henson v. Henson, 151 Tenn. 137, 268 S.W. 378, 37 A.L.R. 1131.

Appellees contend that they are denied equal protection of the laws in violation of Art. 2, Sec. 13 of the Constitution of Arizona and Sec. 1 of Art. XIV of the Constitution of the United States (1) in that they having paid ad valorem and excise taxes for and during the years 1941 to 1945 in excess of $11,000 and part of said taxes were apportioned for maintenance of the social welfare program; (2) that the legislature has provided for financial assistance to the needy blind, but has provided no financial responsibilities for reimbursement to the county by the relatives of the blind; and (3) that the taxes they paid were used to support the needy blind and recipients of old age assistance and therefore it would be discrimination and double taxation to make them respond for the support of Mrs. Orpha Giles, the mother of Judie Douglas, one of the appellees herein.

That contention is without merit. Everyone who spends money pays taxes directly or indirectly. The number of needy blind receiving assistance is insignificant compared to the number receiving old age assistance. It therefore resolves itself into the question of a reasonable classification. This court cited with approval 16 C.J.S., Constitutional Law, § 489:

" * * * if the legislature has power to deal with the subject matter of the classification, and there is a reasonable ground for the classification and the law operates equally on all within the same class, it is valid, even though the act confers different rights or imposes different burdens on the several classes, or fails to provide for future contingencies, * * *." Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292.

Other authorities for the same proposition are:

"The right to classify persons and things is recognized as a general right possessed

by the legislature." Humphrey v. City of Phoenix, 55 Ariz. 374, 102 P.2d 82, 86.

"Every presumption favors the legislative classification." Los Angeles County v. Hurlbut, 44 Cal.App.2d 88, 111 P.2d 963, 966.

■ We hold that the classification made by the legislature was reasonable and not arbitrary and therefore does not violate the Constitution of Arizona and of the United States.

■ Taxes paid by individuals or corporations are for the benefit of the public. The fact that there is both a legal and moral obligation to pay for the maintenance of certain relatives does not in itself constitute double taxation. State Commission in Lunacy v. Eldridge, 7 Cal.App. 298, 94 P. 597, 600.

Appellees further contend that the supremacy clause of the United States Constitution forbids the enactment of the "relatives' responsibility" statute, section 70-214a, A.C.A.1939, Supp. Para. 2, Art. VI of the United States Constitution provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

■ The question, then, is: Is the relatives' responsibility section in conflict with the supremacy clause of the United States Federal Constitution? The answer is no.

42 U.S.C.A. §§ 301 to 306 states the Federal Social Security Board shall approve any plan of the several states that meets certain minimum requirements, and it is prohibited to stop payments to the states as long as these requirements are met. Vernier in American Family Laws 1936, Vol. IV; Parent and Child, Sec. 235. All but eleven states in the Union have similar "Relatives' Responsibility" statutes and they have not been found to be unconstitutional nor conflicting. See City of Worcester v. Quinn, 304 Mass. 276, 23 N.E.2d 463, 125 A.L.R. 707, 712.

Appellees cite Conant v. State, 197 Wash. 21, 84 P.2d 378, to support their theory of this case. In that case the plaintiff brought an action against the State of Washington and affiliated agencies of the Welfare Department requesting them to issue her old age assistance. She was eligible in all respects except she was not in actual want because she lived with her daughter and son-in-law who were well able to support her. Her claim was denied; she appealed and the judgment was reversed. The case is authority for the proposition that under the Washington law she was, as a matter of right, entitled to old age assistance. While the facts are similar to the instant case, yet the legal question is different. The State of Arizona did not deny Orpha

Giles assistance as Washington did Mrs. Conant. Arizona paid Mrs. Giles and now seeks to recover under the "Relatives' Responsibility" statute. The dissenting opinion in the Conant case states that the legislature repealed the old "Indigent statute" at the time of the enactment of their Social Security law. Hence the decision asserting Mrs. Conant's right to old age assistance is not authority for the proposition that under a "Relatives' Responsibility" statute the state or county could not recover from an adult for payments previously made to its parents.

Two California cases that uphold the appellant's contention that "Relatives' Responsibility" statutes are constitutional, are Garcia v. Superior Court, 45 Cal.App.2d 31, 113 P.2d 470; County of Lake v. Forbes, 42 Cal.App.2d 744, 109 P.2d 972.

We therefore conclude that the statute is not unconstitutional by reason of being vague, indefinite or uncertain; that it provides a right and a remedy in the county; that it does not violate the "due process", "equal protection," or "supremacy" clauses of the state and federal constitutions.

 Appellees contend that because Sec. 70-214a, A.C.A.1939, was amended by Chap. 20 (H.B. 32), Laws of 1948, 7th S.S., which supplanted Sec. 70-206 in place of Sec. 70-214a; and that the law was again amended by Chap. 62 (S.B. 55) of Session Laws of 1949 which repealed Sec. 70-206, supra, that this action should abate because the remedy is lost by the repeal of Sec. 70-206. We cannot accept that version of the result of the repeal of Sec. 70-206, Secs. 1-105 and 1-109, A.C.A.1939, commonly known as "saving statutes" preclude such a result, and the action does not abate.

Appellees contend that Arizona being a community property state and the appellees having no property except community property a judgment against either or both cannot go against or be satisfied from the community property of the parties.

The further contention of the appellees that the statute is unconstitutional because, admittedly a judgment in this case in order to be satisfied would run against the community property of the parties, is without merit. It does not go to the constitutionality of the statute at all but to the question of, whether when a judgment is obtained it can be satisfied from the community property. That question is not before us here, however both parties urge us to determine it and presented exhaustive briefs on that point, hence we did give it our consideration and our conclusions are set out hereinbelow.

The "Relatives' Responsibility" clause in the statute does not include a "son-in-law" therefore no judgment could be found against L. E. Douglas, husband of Judie Douglas and son-in-law of Orpha Giles.

 The remaining question is: Can a judgment for a separate debt of this nature against Judie Douglas be satisfied out of

and from the community property of the parties: The answer is in the negative.

The judicial history of our community property law is clear as to the separate ownership of the spouses of their interest in the community estate. La Tourette v. La Tourette, 15 Ariz. 200, 137 P. 426, Ann.Cas.1915B, 70; In re Monaghan's Estate, 65 Ariz. 9, 173 P.2d 107.

It is likewise clear that separate debts contracted either before or after marriage of either spouse are not chargeable or payable out of the community estate. Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175; Forsythe v. Paschal, 34 Ariz. 380, 271 P. 865; Tway v. Payne, 55 Ariz. 343, 101 P.2d 455.

Public policy favors the protection of the marriage relationship and family unit. Forsythe v. Paschal, supra. Appellant contends that on the grounds of public policy the community estate is liable for the support of aged persons by their adult children, and cites Fisch v. Marler, 1 Wash. 2d 698, 97 P.2d 147; Stafford v. Stafford, 10 Wash.2d 649, 117 P.2d 753. The Washington courts, like ours, hold that community property shall not be taken in satisfaction of a separate debt of one of the spouses. These two cases involved the question of whether or not alimony in favor of a former wife could be satisfied out of community property of the husband's subsequent marriage? The Fisch case held the husband's pay checks could be garnisheed, stating [1 Wash.2d 698, 97 P.2d 155]: "This rule finds particular support on grounds of justice and reason where there is a minor child or children of the former marriage." The Stafford case held that alimony could only be satisfied out of the personal property of the community and not the realty because the husband did not under the statute have control of the realty.

We have repeatedly said that our community property is more like that of Washington than any other state and we would look to the Washington courts for guidance. Cosper v. Valley Bank, supra; Shaw v. Greer, 67 Ariz. 223, 194 P.2d 430. We now must decide which theory public policy favors most—the support of the aged or the maintenance of the community. We think the latter is more important. The Holy Scripture tells us "Therefore shall a man leave his father and his mother, and shall cleave unto his wife; and they shall be one flesh." Genesis 2:24.

There being no legal liability of L. E. Douglas to support his in-laws, it would be against the policy of preserving the community to allow a separate judgment to be satisfied out of the community property of the parties with the consequences of the dissolution of the community property and may—perhaps the marriage itself.

Appellant contends that the case of Oglesby v. Poage, 45 Ariz. 23, 40 P.2d 90, 91, allows the separation of the community interest. That case held:

"A claim of exemption from taxation is construed strictissimi juris. Philadelphia

& W. R. Co. v. Maryland, 10 How. 376, 13 L.Ed. 461. And all property not expressly declared exempt is subject to taxation.

* * *

"But, it may be said, since the community estate may not be separated except by a dissolution of the marriage, how can a tax lien be enforced against the interest of the wife in the community? The prohibition against the enforcement of a separate debt against the interest of the debtor in community property is based on public policy, established by the Legislature for the protection of the family. Forsythe v. Paschal, supra. But, constitutional provisions are superior to any act of the Legislature, and, since section 2, article 9, supra, exempts only the property of the soldier and not that of his wife, and is declared to be self-executing, so far as taxation is concerned, her property must pay its share of taxes, regardless of the effect of the enforcement of the payment on the community. The only way in which this can be done without violating the constitutional inhibition against taxing the property of the soldier is by an assessment to her of her undivided one-half interest in the community estate. In that case a failure on her part to pay the tax would result in a sale of that interest. Ronkendorff v. Taylor's Lessee, 4 Pet. 349, 7 L.Ed. 882. Since the interests of the husband and wife in the community estate are each vested and capable of being separated, and since the constitution of Arizona clearly states that it is the property of the husband which is not subject to taxation while that of the wife is, it follows that such exemption only affects the husband's interest in the community, and it is the duty of the county assessor to assess the wife's undivided one-half interest in the property involved."

We see nothing in the foregoing which leads us to change our concepts of the community property law that separate debts such as the one here involved cannot be satisfied out of community property.

Counsel for both sides cite Washington cases for their authority. Occidental Life Ins. Co. v. Powers, 192 Wash. 475, 74 P. 2d 27, 114 A.L.R. 531. In that case a man changed the beneficiary on an insurance policy, whose premiums were paid out of community funds from his wife to his mother. The court held he could not do this notwithstanding he had left similar insurance to the wife and all the community property as well; furthermore he could not do it in spite of a statute requiring support of indigent relatives.

On the other hand, Washington has decided in the subsequent case of Conant v. State, supra, that an applicant for old-age assistance who qualified could receive benefits even though her daughter and son-in-law were able to support her, the court holding that the "indigent relatives" law was repealed by the Social Security law. Then in Adams v. Ernst, 10 Wash.2d 640, 117 P.2d 755, the court pointed out that by reason of amendment of the statute de-

fining one "in need" the adult daughter was liable for the mother's support. While the question of community property was raised only in the dissenting opinion the majority opinion held that it was proper to deduct from an old-age assistance recipient the amount her daughter and son-in-law could contribute to her support.

With no more precedent from either Arizona or Washington than above referred to, we return to our premise of the history and theory of community-property law and the matter of public policy as heretofore set out. We therefore come to the conclusion that the appellant can have no judgment against either of the appellees that will affect the community property of the parties.

The appellant is entitled to a judgment against Judie Douglas, and it may be satisfied out of her separate property only.

The case is reversed and remanded with instructions to enter judgment in favor of the appellant in accordance with this opinion.

LaPRADE, C. J., UDALL, J., and DUDLEY WINDES, Superior Judge, concurring.

NOTE: Justice PHELPS having disqualified himself, Superior Court Judge DUDLEY WINDES, of Maricopa County, was called to sit in his stead.

STANFORD, J., not participating due to illness.