303 F.2d 893
 Mary Schaaff GREEAR, Appellant,
v.
James N. GREEAR, also known as James N. Greear, Jr.,
Appellee (two cases).
Mary Schaaff GREEAR, Appellant,
v.
James N. GREEAR, also known as James N. Greear, Jr., and
Margaret Sperry Greear, Appellees.
 Nos. 17272-17274.
 United States Court of Appeals Ninth Circuit.
 May 31, 1962, Rehearing Denied July 31, 1962.
 
 Arthur J. Hilland, Ferdinand J. Mack, and James E. Hogan, Washington, D.C., and Cameron M. Batjer, Carson City, Nev., for appellant.
 Vargas, Dillon & Bartlett, Reno, Nev., for appellee.
 Before HAMLIN and MERRILL, Circuit Judges, and WALSH, District Judge.
 MERRILL, Circuit Judge.
 
 
 1
 Appeals in three diversity cases are here consolidated for our decision. The question presented is whether under Navada law community property of a husband and wife to the extent of the husband's earnings is subject to the husband's contractual obligation to pay specified sums for the support of his former wife and the issue of his former marriage. We hold that it is.
 
 
 2
 In 1950, appellee, Dr. James Greear, obtained a Nevada divorce from appellant. The latter, a resident of the District of Columbia, did not appear in the suit and the court obtained no personal jurisdiction over her and thus took no action respecting her support. In 1949, while the parties were both residing in the District of Columbia, they had entered into a separation agreement under the terms of which Dr. Greear agreed (subject to certain adjustments) to pay to appellant the sum of $500.00 a month for her support and maintenance and other sums for the support and education of the two minor children in her custody. These sums were regularly paid by Dr. Greear until his change of residence to Nevada. Since that time he has made no payment whatsoever. Appellant secured the sum of $272.66 through attachment, and this is the extent of her recovery.
 
 
 3
 Since coming to Nevada Dr. Greear has engaged in medical practice in Reno in partnership with another doctor. He has remarried and appellee, Margaret Sperry Greear, is his present wife.
 
 
 4
 In 1955, appellant secured judgment against Dr. Greear in the courts of Virginia, based upon her separation agreement. The following year she sued Dr. Greear on the Virginia judgment in the United States District Court for the District of Nevada and accrued support payments were reduced to judgment in the sum of $39,734.14. In 1958, a further judgment for accrued support payments was secured in the sum of $14,716.00. Efforts to execute upon these judgments through subjecting Dr. Greear's partnership earnings to them have met with no success due to rulings of the district court to the effect that his earnings, being community property, are not under Nevada law subject to his pre-marital debts or liabilities. Appellant has taken appeals from orders of the district court to this effect.
 
 
 5
 Since their marriage, appellees have paid sums applying upon the purchase of a home. In 1960, appellant commenced a separate action in the district court seeking to subject the equity in this home to her earlier judgments. This action was dismissed by the district court upon the ground that the precise relief was available to appellant by proceedings supplemental to execution in her two preceding actions. Deeming this last action an unwarranted harassment of Dr. Greear, the district court, in ordering its dismissal, rendered judgment against appellant in the sum of $250.00 for attorney fees incurred by Dr. Greear. An appeal was taken from this judgment.
 
 
 6
 In this consolidated appeal, appellant assigns as error (1) the determination of the district court that under Nevada law Dr. Greear's earnings may not be subjected to his obligation to provide support; (2) the determination of the district court that the relief sought in her third action could have been obtained in the first two; (3) the award of attorney fees to Dr. Greear.
 
 
 7
 The principal question presented is whether under Nevada law the earnings of Dr. Greear subsequent to his second marriage, being community property, are subject to his ante-nuptial liability to his first wife. There are no Nevada cases precisely in point. By a 1933 statute, N.R.S. 123.050, it is provided:
 
 
 8
 'Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage.'
 
 
 9
 The main case relied upon by Dr. Greear is Slack v. Schwartz, 1945, 63 Nev. 47, 161 P.2d 345. That was a damage suit against the wife for a tort committed prior to the marriage. The wife contended that it was error for the trial court to refuse to join her husband as a party defendant. Under Nevada law the husband was an indispensable party unless the action concerned only the separate property of the wife. Relying upon the quoted statute, the court ruled that the husband was not an indispensable party and concluded:
 
 
 10
 'Van Maren v. Johnson, 15 Cal. 308, so strongly relied on by appellant, is not in point here because in this state, since 1933, the husband is not liable to the extent of the community property or at all for the antenuptial torts of the wife.'
 
 
 11
 On the basis of this authority the district court concluded that Nevada has aligned itself with Washington and Arizona is holding the community free from the ante-nuptial debts or liabilities of either spouse.
 
 
 12
 Washington, however, has created an exception to this rule, at least to the extent of the husband's earnings, in a case concerning a former wife's attempt to collect alimony. Fisch v. Marler, 1939, 1 Wash.2d 698, 97 P.2d 147. Arizona has indicated its approval of Fisch v. Marler and, we feel, can be expected to arrive at the same result. Maricopa County v. Douglas, 1949, 69 Ariz. 35, 208 P.2d 646.
 
 
 13
 In our view, the same result would be reached by Nevada.
 
 
 14
 Speaking of the reason for the refusal of community property states to permit community property to be beset by antenuptial debts, de Funiak, Principles of Community Property, Vol. 1, page 441, states:
 
 
 15
 'The community property system has considered the well-being and interest of the family of more importance than the rights of creditors and for that reason, among others, has refused to allow the community property to be subjected during marriage to any liability for ante-nuptial debts of one spouse.'
 
 
 16
 Due respect for the family relationship, however, requires not only protection against strangers during its existence, but also, as is generally true of legal relationships, respect for the terms upon which it is dissolved; and hence the enforceability, upon its dissolution, of rights springing from that relationship. The very reason for the rule, then, requires that this exception be recognized, for without it the rule fails to meet fully the considerations it was designed to meet.
 
 
 17
 The result under community property principles is that such an obligation, founded in the marital relationship and not terminated by divorce, must remain a charge upon the earnings of the obligor until its termination, irrespective of whether a new community is formed.
 
 
 18
 Appellees argue that whatever might be the rule as to alimony payments, spouses relying on a mere support agreement should have no better standing than an ordinary contract creditor. We disagree.
 
 
 19
 It should not be the form of the obligation which is significant, but rather that its source is the marital relationship. The agreement (and, in the case of alimony, the court decree) serves simply to reduce to enforceable specifics the obligation which has existed throughout marriage: a duty to provide for the support of the family.
 
 
 20
 The district court was then in error in holding Dr. Greear's partnership interest not subject to the satisfaction of appellant's judgments.
 
 
 21
 Appellant's second assignment of error relates to the district court's dismissal of her third action. The question is whether the relief there sought could have been granted in the prior action. Since this partakes of the nature of a supplemental proceeding in aid of execution, Rule 69, F.R.Civ.P. 28 U.S.C.A., refers us to state law.
 
 
 22
 In this respect it should be noted that Nevada has merged law and equity. It is also relevant that N.R.S. 21.080 authorizes execution upon all property except spendthrift trusts. It therefore seems to contemplate the ability to reach all equitable interests except spendthrift trusts, making a separate creditor's bill unnecessary. Moreover, the supplementary proceedings provided by N.R.S. 21.270 to 21.340 permit of the examination of the debtor and witnesses and also provide means for dealing with a situation when the property is claimed by a third party. As a consequence, it would appear that the third action was unnecessary since such relief was already available under the prior two actions. For this reason it was properly dismissed.
 
 
 23
 Finally, we reach the district court's orders in two instances allowing attorney fees to Dr. Greear. One, already mentioned, concerned the third action. The second was in connection with appellant's securing the order of this court permitting her to move that the district court consider certain depositions which inadvertently had been overlooked in an earlier hearing. The district court found that the subject matter of the depositions was irrelevant and felt that the motion was frivolous and taken for purposes of delay.
 
 
 24
 In the light of appellant's inability to obtain relief through her first two actions (and without first-hand knowledge of the course of these proceedings), we find it difficult to brand as harassment her commencement of a third. However, we have equal difficulty, upon the bare record before us, in holding that the district court's action constituted abuse of discretion. The court apparently was using the award of counsel fees to keep counsel within bounds, and this normally would seem quite proper.
 
 
 25
 The court's action may well, however, have been colored by its view of Nevada law, and the imposition of this sanction should, in our judgment, be reconsidered in the light of this opinion.
 
 
 26
 Upon appellant's appeals in cases numbered 17.272 and 17,273 from orders of December 21, 1960, denying appellant's motions to charge Dr. Greear's partnership interest with her unsatisfied judgment, the district court is reversed and the cases are remanded with instructions that the orders be set aside and for further proceedings consistent with this opinion.
 
 
 27
 Upon appellant's appeal in the same two cases from the district courts order of May 5, 1961, allowing attorney fees to Dr. Greear, the district court is reversed without prejudice to a reconsideration of this matter in the light of this opinion.
 
 
 28
 Upon appellant's appeal in case numbered 17,274, the district court is affirmed, save and except that as to the order of February 6, 1961, allowing attorney fees to appellees, the district court is reversed without prejudice to a reconsideration of this matter in the light of this opinion.